# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE E. HOWARD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>W. J. SULLIVAN, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE NO. 1:07-cv-00988-OWW-GSA PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF EQUAL PROTECTION CLAIM AND STATE LAW TORT CLAIMS<br><br>(Doc. 31)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations Following Screening of Second Amended Complaint**

**I.      Screening Requirement**

　　Plaintiff Clarence E. Howard, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 6, 2007.  On April 11, 2008, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to comply with Federal Rule of Civil Procedure 8(a).  Plaintiff filed an amended complaint on May 12, 2008, and on March 4, 2009, the Court found the amended complaint stated a cognizable due process claim against Defendant Kamel, and ordered Plaintiff to either file a second amended complaint or notify the Court of his willingness to proceed only against Defendant Kamel on the due process claim.  Pending before the Court is Plaintiff's second amended complaint, filed May 18, 2009.

　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusion are not. Iqbal, 129 S.Ct. at 1949.

Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal at 1949-50; Moss at 969.

**II.     Plaintiff's Claims**

Plaintiff, who is incarcerated at the California Correctional Institution in Tehachapi, alleges that Doctor Kamel, a psychiatrist at the prison, violated his constitutional rights by ordering the involuntary administration of an antipsychotic drug on July 6, 2006. Plaintiff alleges that he did not receive notice and an opportunity to be heard, and that Defendant did not obtain judicial authorization for the injection. Plaintiff denies having any psychiatric problems, taking any medication for psychiatric problems, or behaving in any manner that necessitated medication. When Plaintiff inquired where Defendant obtained the authorization to medicate him, Defendant told Plaintiff, "They let me do what I want to do around here," and left.

Approximately ten minutes after Defendant informed Plaintiff that he was going to be involuntarily medicated, Plaintiff was taken to the infirmary by two sergeants, placed in five-point restraints, and injected by a nurse with Geodon, an antipsychotic medication. Plaintiff alleges that as a result of the medication, he suffered daily vomiting when eating, vision problems, muscle spasms, locking nerves in his right hand, electroencephalographic memory problems, extreme drowsiness, headaches, loss of appetite, dry mouth, and perspiration problems.

### A. Equitable Relief and Official Capacity Claims

In addition to money damages, Plaintiff seeks a declaration that his rights were violated and an order prohibiting the practice of involuntary administration of antipsychotic medication without due process.

Equitable remedies are "unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again - a 'likelihood of substantial and immediate irreparable injury.'" City of Los Angeles v. Lyons, 461 U.S. 95, 111, 103 S.Ct. 1660 (1983) (quoting O'Shea v. Littleton, 414 U.S. 488, 502, 94 S.Ct. 669 (1974)). In this instance, it is the past conduct of Defendant which gives rise to Plaintiff's claims for relief, and should Plaintiff prevail, Plaintiff's injury will not go unrecompensed because Plaintiff has an adequate remedy at law. Id. Accordingly, dismissal of Plaintiff's claims for equitable relief is appropriate.

Plaintiff also alleges he is suing Defendant in his individual and official capacities. This is a suit for money damages, and the Eleventh Amendment bars official capacity claims for money damages. Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). Plaintiff may proceed against Defendant in his personal capacity, Hafer v. Melo, 502 U.S. 21, 30, 112 S.Ct. 358 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003), but not in his official capacity, Aholelei, 488 F.3d at 1147.

### B. Fourteenth Amendment Claims

#### 1. Due Process Claim

Prisoners have a substantial liberty interest, grounded in the Due Process Clause, in avoiding the involuntary administration of antipsychotic medication. Washington v. Harper, 494 U.S. 210,

3

229, 110 S.Ct. 1028 (1990). Plaintiff's allegation that Defendant Kamel caused him to be involuntarily medicated without any procedural due process protections is sufficient to state a claim.[1]

### 2. Equal Protection Claim

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S.Ct. 3249 (1985). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, see e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir. 2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002).

Although Plaintiff alleges Defendant violated his rights under the Equal Protection Clause, the complaint is devoid of any facts supporting a claim that Defendant discriminated against Plaintiff, and his equal protection claim fails as a matter of law.

## C. Eighth Amendment Claim

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

///

---

[1] Although Plaintiff alleges to the contrary, the Due Process Clause does not require that a judicial hearing with counsel be provided. Harper, 228-236.

Although antipsychotic medications have therapeutic benefits, they also "can have serious, even fatal, side effects." Harper, 494 U.S. at 229. As a psychiatrist, Dr. Kamel would be aware of the benefits versus the risks, and of the seriousness of administering such medication. Therefore, Plaintiff's allegation that Defendant, without prior authorization and without reason, informed Plaintiff, who was not a mental health program psych patient, that he was going to be medicated is sufficient to support an Eighth Amendment claim.

### D.  State Law Claims

Plaintiff also alleges violations of state law, although he fails to allege compliance with the California's Tort Claims Act and he fails to articulate recognizable and/or cognizable tort claims. The Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2009). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

The failure to allege compliance with the Tort Claims Act is fatal to Plaintiff's state law claims. In addition, however, Plaintiff fails to allege facts sufficient to state any viable tort claims. First, Plaintiff mentions false imprisonment. Under California law, false imprisonment is the "'unlawful violation of the personal liberty of another.'" Martinez v. City of Los Angeles, 141 F.3d 1373, 1379 (9th Cir. 1998) (quoting Asgari v. City of Los Angeles, 15 Cal.4th 744, 757 (1997)). The elements "of false imprisonment are: (1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief." Easton v. Sutter Coast Hospital, 80 Cal.App.4th 484, 496 (2000) (citation omitted).

///

Plaintiff is an inmate committed to the custody of the California Department of Corrections and Rehabilitation. Plaintiff has not alleged facts supporting a claim that he was confined by Defendant Kamel without lawful privilege. Therefore, Plaintiff fails to state a claim for false imprisonment claim.

Next, Plaintiff alleges a tort claim based on "torture and barbaric punishment." There is no cause of action available under California law for "torture and barbaric punishment."

Finally, to the extent that Plaintiff is attempting to state a claim for violation of Title 15 regulations, the Court has found no authority to support a finding that there is an implied private right of action under Title 15 and Plaintiff has provided none. Accordingly, Plaintiff may not pursue a tort claim based on the violation of prison regulations.

### III. Conclusion and Recommendations

Plaintiff's second amended complaint states claims against Defendant Kamel for violation of the Due Process Clause and for violation of the Eighth Amendment, but does not state an equal protection claim or any state law tort claims. Plaintiff was previously provided with two opportunities to amend his claims. The Court does not find that leave to amend is warranted in light of its past screening orders and the nature of the deficiencies in Plaintiff's non-cognizable claims. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's second amended complaint against Defendant Kamel for violation of the Due Process Clause and violation of the Eighth Amendment;

2. Plaintiff's claims for equitable relief and his claim against Defendant Kamel in his official capacity be dismissed for failure to state a claim;

3. Plaintiff's equal protection claim be dismissed, with prejudice, for failure to state a claim; and

4. Plaintiff's state law tort claims be dismissed, without prejudice, for failure to allege compliance with the Tort Claims Act and for failure to state a claim.

///

1  These Findings and Recommendations will be submitted to the United States District Judge
2 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**
3 **days** after being served with these Findings and Recommendations, Plaintiff may file written
4 objections with the Court.  The document should be captioned "Objections to Magistrate Judge's
5 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
6 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
7 1153 (9th Cir. 1991).

10   IT IS SO ORDERED.
11   Dated:   **October 9, 2009**              **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE