# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE E. HOWARD, | 1:07-cv-00988-OWW-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT KAMEL'S MOTION TO DISMISS FOR FAILURE TO EXHAUST BE GRANTED |
| v. | |
| W. J. SULLIVAN, et al., | |
| | (Doc. 40.) |
| Defendants. | OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

**I.  BACKGROUND**

Clarence E. Howard ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff commenced this action on July 6, 2007. (Doc. 1.) This action now proceeds on the Second Amended Complaint filed on May 18, 2009, against defendant Dr. Kamel ("Defendant"), for violation of Plaintiff's rights under the Eighth Amendment and the Due Process Clause.[1]  (Doc. 31.)

On May 5, 2010, Defendant filed a motion to dismiss this action for failure to exhaust remedies. (Doc. 40.) Plaintiff filed an opposition on July 8, 2010, and Defendant filed a reply on July 15, 2010. (Docs. 45, 46.) Defendant's motion is now before the Court.

---

[1] Plaintiff named only one defendant, Dr. Kamel, in the Second Amended Complaint. (Doc. 31.) All claims, except for Plaintiff's Eighth Amendment and Due Process claims, were dismissed from this action by the Court on November 10, 2009, for Plaintiff's failure to state a claim. (Doc. 34.)

1

## II. PLAINTIFF'S CLAIMS AND ALLEGATIONS[2]

Plaintiff is incarcerated at the California Correctional Institution ("CCI") in Tehachapi, California, where the events at issue allegedly occurred. Plaintiff alleges that Defendant Dr. Kamel, a psychiatrist at the prison, violated Plaintiff's constitutional rights by ordering the involuntary administration of an antipsychotic drug on July 6, 2006. Plaintiff alleges that he did not receive notice and an opportunity to be heard, and that Defendant did not obtain judicial authorization for the injection. Plaintiff denies having any psychiatric problems, taking any medication for psychiatric problems, or behaving in any manner that necessitated medication. When Plaintiff inquired where Defendant obtained the authorization to medicate him, Defendant told Plaintiff, "They let me do what I want to do around here," and left. Approximately ten minutes after Defendant informed Plaintiff that he was going to be involuntarily medicated, Plaintiff was taken to the infirmary by two sergeants, placed in five- point restraints, and injected by a nurse with Geodon, an antipsychotic medication. Plaintiff alleges that as a result of the medication, he suffered daily vomiting when eating, vision problems, muscle spasms, locking nerves in his right hand, electroencephalographic memory problems, extreme drowsiness, headaches, loss of appetite, dry mouth, and perspiration problems. Plaintiff brings claims against Dr. Kamel for violation of his rights under the Eighth Amendment and the Due Process Clause.

## III. UNENUMERATED RULE 12(b) MOTION TO DISMISS FOR FAILURE TO EXHAUST

Defendant argues that Plaintiff's case should be dismissed, because Plaintiff failed to exhaust his administrative remedies before filing suit.

### A. Statutory Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners must complete the

---

[2] This summary includes Plaintiff's claims in the Second Amended Complaint found cognizable by the Court on November 10, 2009, and Plaintiff's related allegations, upon which this case now proceeds. (Doc. 34.)

2

prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). "Proper exhaustion[, which] demands compliance with an agency's deadlines and other critical procedural rules . . . ." is required, Woodford v. Ngo, 548 U.S. 81, 90 (2006), and may not be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal." Id. at 83-84.

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. 42 U.S.C. § 1997e(a); Jones v. Bock, 549 U.S. 199, 215-16 (2007); Wyatt, 315 F.3d at 1119. *"*[T]here can be no 'absence of exhaustion' unless *some* relief remains 'available.'" Brown v. Valoff, 422 F.3d 926, 936 (9th Cir. 2005). "[A] defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of relief already granted as a result of that process." Id. at 936-37. Therefore, if some remedy is available, Plaintiff has not exhausted his remedies.

The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

**B.    CDCR's Administrative Grievance System**

The Court takes judicial notice of the fact that the California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2007). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). Four levels of appeal

3

are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford, 548 U.S. at 85; McKinney v. Carey, 311 F.3d. 1198, 1199-1201 (9th Cir. 2002).

### C.  Defendant's Position

Defendant argues that Plaintiff's case should be dismissed because Plaintiff failed to exhaust administrative remedies before filing suit. Defendant submits evidence that Plaintiff filed only one 602 Appeal concerning the allegations against Defendant at issue in this lawsuit, and the appeals process was not completed. On July 10, 2006, Plaintiff's Appeal log number CCI-06-02048 was received at the first formal level of review. (Declaration of Kimberly Sampson ("Sampson Decl."), Doc 40-3 ¶6.) The Appeal alleged that Dr. Kamel ordered Plaintiff to submit to involuntary injections of an anti-psychotic drug. (Sampson Decl., Doc 40-3 ¶6; Declaration of Jack Alvord, ("Alvord Decl."), Doc. 40-2 ¶4.) Id. The Appeal was cancelled at the second level of review because Plaintiff refused to be interviewed and used abusive language toward the interviewer, Dr. Jack Alvord. Id. According to prison records, Plaintiff never re-submitted the appeal or submitted any other timely appeals regarding Dr. Kamel or an allegation of involuntary injections of antipsychotic drugs. (Sampson Decl. ¶¶6 and 7, Exh. A.)

### D.  Plaintiff's Opposition

The Court looks to Plaintiff's opposition and verified complaints.[3]

Plaintiff claims that he completed the grievance process before filing suit. (Cmp., Doc. 1 at 2 ¶II.) Plaintiff provides evidence that he submitted Appeal log number CCI-06-2048 on July 9, 2006, complaining about being involuntarily injected on July 6, 2006. (First Amd. Cmp., Doc. 21., Exh. A.) Plaintiff received notice on July 21, 2006 that his Appeal had been sent to staff for

///

---

[3] In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. Plaintiff signed the original Complaint, First Amended Complaint, and Second Amended Complaint under penalty of perjury. (Docs. 1, 21, 31.) Therefore, Plaintiff's opposition to the motion to dismiss is based in part on the evidence in his verified complaints. Plaintiff's opposition is not verified and therefore does not constitute admissible evidence. (Doc. 45.)

4

a first level response. (First Amd. Cmp., Exh. B.) The Appeal was cancelled at the second level of review by Jack Alvord on December 14, 2006. (Opp'n., Doc. 45, Exh. A.)

Plaintiff contends that he attempted to complete the appeals process but was obstructed by Jack Alvord who maliciously cancelled the Appeal pursuant to Cal. Code Regs., tit. 15 § 3084(d), causing the grievance process to be unavailable to Plaintiff. (Opp'n at 4 ¶IV, 16:21-24.) Plaintiff maintains that Jack Alvord is a psychologist, not an Appeals Coordinator, and therefore did not have the authority to terminate Plaintiff's appeals process. (Opp'n at 5:9-13.) Plaintiff also contends that Jack Alvord is not impartial, because he is the Defendant's senior supervisor. (Opp'n at 10:8-10.)

Plaintiff also filed a Citizen's Complaint number IVB-6C-206 at the Office of Internal Affairs. (Opp'n, Exh. C.) On September 8, 2006, K. Sampson, CCI Appeals Coordinator, notified Plaintiff that his Citizen's Complaint had been sent back to CCI, that he had already appropriately filed Appeal log number CCI-0-06-2048, and that he should proceed with his Appeal to the Director's Level Review. Id. Plaintiff claims he was never informed that he should re-submit his Appeal at the second level of review. Plaintiff sent the Appeal to the Chief Appeals Officer, N. Grannis, at the Inmate Appeals Office in Sacramento, for a Director's Level Review. (Opp'n at 5:1-5.) N. Grannis returned the Appeal on February 21, 2007, as incomplete, because the second level response was missing. (Opp'n, Exh. B.) Plaintiff claims that he thus exhausted his remedies.

Plaintiff also provides evidence that he filed and completed a claim at the Victims Compensation and Government Claims Board ("VCGCB"). He submits copies of letters from the Government Claims Division dated January 30, 2007 and March 2, 2007, indicating that his Tort Claim number G565377 was received and rejected. (Opp'n, Exh. D; First Amd. Cmp., Exh. A.)

E.     **Defendant's Reply**

In the reply, Defendant re-asserts his argument that Plaintiff failed to exhaust his remedies against Defendant Kamel, because his Appeal was cancelled at the second level and returned from the third level as incomplete.

5

With regard to Plaintiff's assertion that Dr. Alvord unlawfully terminated Plaintiff's available remedies by cancelling his appeal pursuant to Cal. Code Regs., tit. 15 § 3084.4(d), Defendant responds that Plaintiff's Appeal was properly cancelled by Dr. Alvord pursuant to § 3084.4(d) because Plaintiff refused to be interviewed and used abusive language directed towards Alvord.

Defendant asserts that the appeals process was not completed because Plaintiff never re-submitted his appeal at the second level, and Plaintiff has provided no evidence that he was denied the opportunity to re-submit his appeal.

### F.   Discussion

The parties agree that Plaintiff filed Appeal log number CCI-06-02048 on July 10, 2006, complaining about the allegations against Dr. Kamel at issue in this action; that the Appeal was cancelled at the second level of review; that Plaintiff never re-submitted the Appeal at the second level; that Plaintiff submitted the Appeal to the final, or Director's Level, of review; and that the Appeal was rejected at the Director's Level as incomplete. Thus, Plaintiff failed to complete the appeals process through all four required levels of appeal.

Plaintiff argues that his case should not be dismissed because he made every effort to exhaust the remedies available to him.  However, evidence shows that Plaintiff failed to cooperate when being interviewed at the second level of review, failed to submit a complete appeal to the Director's Level.

Plaintiff's argument that Jack Alvord improperly cancelled Plaintiff's Appeal pursuant to Cal. Code Regs., tit. 15 § 3084.4(d) is without merit.  Under § 3084.4(d), appeals shall be cancelled if an appellant refuses to be interviewed or cooperate with the reviewer.  Defendants assert, and Plaintiff does not deny, that Alvord cancelled the Appeal at the second level because Plaintiff refused to be interviewed and used abusive language directed towards Alvord. Plaintiff's argument that Alvord lacked authority to cancel the Appeal also fails, because Plaintiff fails to offer any admissible evidence supporting this argument.

Plaintiff claims that completed the appeals process when he submitted his Appeal to the Director's Level.  However, evidence shows the Appeal was returned to him from the Director's

6

Level as incomplete because it was missing the second level response. (Opp'n, Exh. B.) An appeal may be rejected if the appeal is incomplete or necessary supporting documents are not attached, Cal. Regs. § 3084.3(c)(5). Plaintiff provides no evidence that the Appeal was improperly rejected at the Director's Level, or that he ever received a formal review at the Director's Level. Plaintiff's completion of the appeals process at the VCGCB does not demonstrate exhaustion because it does not satisfy the requirement under the PLRA.

Based on the foregoing, Plaintiff failed to comply with the CDCR's procedural rules to complete the appeals process before filing suit, and he did not otherwise satisfy the exhaustion requirement under § 1997e(a) before filing this lawsuit. Therefore, Defendant is entitled to dismissal of this action.

## IV. CONCLUSION AND RECOMMENDATION

Defendant has met his burden of demonstrating that Plaintiff failed to exhaust his remedies prior to filing suit, in compliance with § 1997e(a), and Plaintiff has not submitted evidence of appeals that satisfy the exhaustion requirement. The Court finds that Plaintiff failed to exhaust the administrative remedies made available to him before filing suit. Therefore, the Court HEREBY RECOMMENDS that Defendant's motion to dismiss, filed May 5, 2010, be GRANTED, and this action be dismissed in its entirety without prejudice.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within thirty (30) days after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   November 19, 2010              /s/ Gary S. Austin
                                        UNITED STATES MAGISTRATE JUDGE